A. Franklin Mahoney, J.
The Public Employment Relations Board (PERB) conducted representation elections by mail ballot and, in conformity with the majority of the ballots voted, certified the Civil Service Employees Association, Inc. (CSEA), on September 22, 1969, as the duly elected collective negotiations representative, pursuant to section 208 of the Civil Service Law, of State employees in the Administrative Services Unit, Institutional Services Unit, Operational Services Unit and Professional, Scientific and Technical Services Unit.
Thereafter, on April 20, 1970, the Director of Employee Relations on behalf of the State of New York entered into collectively negotiated agreements with CSEA with respect to each of the afore-described units, each of which agreements contained an article relating to grievance procedures. Article 25.2(d) of each agreement states: “ (d) an employee may be represented in Steps 1 through 4 of this grievance procedure by CSEA or a representative of his own choosing. No employee organization other than CSEA may initiate or represent an employee in the processing of contract grievances.”
The petitioner herein, individually and as president of Council 50 AFL-CIO, seeks to annul that portion of the afore-described agreements that require a State employee to be exclusively represented by CSEA in processing contract grievances and, further, to enjoin the respondents from carrying out that portion of the contract providing the grievance procedure.
Before reaching the merits of this matter it should be noted that an article 78 proceeding is not the proper vehicle to attack the validity of a contract. However, since the court has jurisdiction of the parties and since the distinction between actions at law and in equity has largely been obliterated the court is not without power to change the form and permit, by conversion, the matter to proceed as an action in equity for an injunction. (CPLR 103; Matter of Phalen v. Theatrical Protective Union, 22 N Y 2d 34.)
The thrust of petitioners’ argument is that a public employee has a right to select an employee organization and to be represented by such organization and the consequence of 'the chai *710 lenged articles in the contracts between the State and CSEA is to abridge that right in violation of the public policy of the State as expressed in section 683 of the General Municipal Law, section 200 et seq. of the Civil Service Law (Taylor Act) and section 80.1(b) of the Governor’s Executive Order, dated August 28, 1963. Each of the above-cited provisions of the statutory law and the Executive Order recites in varying language the consistent principle that a public employee shall have the right to present his grievance with or without a representative of his own choosing and that employee shall be free from interference, coercion, restraint and not subject to any discrimination in any form in such presentation. The issue then is whether the contracts under attack, which undeniably restrict a State employee’s right to be represented by any organization other than CSEA in processing personal grievances, arbitrarily or unconstitutionally violate the rights of such an employee. In my view, they do not.
It seems fundamental but nonetheless necessary to say that freedom of speech (N. Y. Const., art. I, § 8) is not a license to defame; that the right to free assembly (N. Y. Const., art. I, § 9) is not freedom to conspire; that freedom to worship (N. Y. Const., art. I, § 3) is not a right to advocate anarchy in the name of religion; that freedom to publish (N. Y. Const., art. I, § 8) is not a license to libel. All liberties and freedoms granted all citizens in the Bill of Rights in both Federal and State Constitutions are proscribed by reasonable limitations imposed for the greater good of all peoples assembled in one republic. In the case at bar there is no denial to any State employee of his right to join any employee organization; there is no denial of his right to press his grievance against the State. These rights, however, are limited in the interest of efficiency, orderliness and the stabilization of the grievance process. It is certainly a State objective, if not a mandate, to provide machinery for the inter-workings of the sovereign and its employees so as to minimize the possibility of employee discontent if not work stoppage itself. Indeed, it was the furtherance of this legitimate State purpose that prompted the democratic procedure of deciding by secret mail ballot which employee representative should negotiate on behalf of the several and distinguishable units of employees. CSEA was chosen and, in my view, thereby empowered to contract with the State with respect to all matters attendant upon the employer-employee relationship including the grievance procedure, and such contract is not violative of any due process requirement.
*711 Consistent with this view is the unanimous decision of the Court of Appeals in Matter of Bauch v. City of New York (21 N Y 2d 599). In that case the City of New York, by executive order, granted the privilege of dues check-off solely to the employee union representative chosen by the majority of employees as their exclusive bargaining representative and withheld said privilege from all other union representatives. Chief Judge Fuld, writing for the court, stated the Mayor’s policy was plainly consistent with the scheme set forth in the Taylor Act for according recognition, and a degree of union security, to bargaining agents for public employees. Judge Fuld also expressed the view that section 208 of the Civil Service Law makes it mandatory upon a public employer to extend a ‘ ‘ right ’ ’ of membership dues deduction to a union 1 ‘ certified ”or“ recognized ” pursuant to the statute. (See, also, Civil Service Law, §§ 204, 212.) This is not to say that in the instant case, the State could not have granted the right of representation to petitioner’s union, but it is a holding that the State is under no mandate or obligation to do so. (Matter of Bauch, supra).
The action (changed herein from an article 78 proceeding to an equitable action for injunction) is dismissed without costs.